IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY HUGHES,<br>              **Plaintiff**<br><br>v.<br><br>COMMISSIONER JEFFREY A. BEARD,<br>SUPERINTENDENT RAYMOND M. LAWLER,<br>MAINT. SUPERVISOR ROBERT BILGAR,<br>and FOREMAN JIM. HEINSTEIN,<br>individually and in their official capacities,<br>              **Defendants** | No. 3:09cv581<br><br>(Judge Munley) |

## MEMORANDUM

    Before the court for disposition is the defendants' motion to dismiss or in the alternative for summary judgment directed at Plaintiff Gary Hughes' prisoner civil rights complaint. The matter has been fully briefed and is ripe for disposition.

**Background**

    Plaintiff is an inmate at the State Correctional Institution at Huntingdon on an eight to forty-four year sentence. (Doc. 1, Complaint at ¶ 7). At the times relevant to the complaint, plaintiff worked for the Prison Power House, which controlled functions for the prison such as water, heating and coal. (Id. at ¶ 9). He asserts that the prison has exposed him to asbestos containing material (hereinafter "acm"). (Id.). While a company was removing insulation from the prison, plaintiff asserts that he was exposed to the insulation, which was seven (7) percent asbestos according to lab tested samples. (Id.) The prison determined that its inmates did not meed medical assessments based on the exposure to the acm. (Id. at ¶ 11).

    Plaintiff alleges that the defendants intentionally, knowingly,

recklessly and/or through gross negligence, failed to maintain safe and constitutional conditions of confinement. (Id. at ¶ 15). He also alleges that defendants failed to properly train persons employed at the prison. (Id.) Plaintiff asserts that defendants' action violated his rights guaranteed by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. (Id. at ¶¶ 1, 19). He avers that he is still in an environment that exposes him to conditions that pose a risk to his health. (Id. at ¶ 22). Plaintiff seeks the following relief: entry of judgment in his favor that his constitutional rights were violated; compensatory damages in excess of $250,000.00; and reasonable attorneys fees. (Id. at § V).

In response to the plaintiff's complaint, the defendants filed a motion for summary judgment, bringing the case to its present posture.[1]

**Jurisdiction**

Plaintiff brings his lawsuit pursuant to 42 U.S.C. § 1983 (hereinafter "section 1983") for constitutional violations, thus, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of review**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See

---

[1] Defendants motion is actually entitled: "Motion To Dismiss or in the Alternative for Summary Judgment." (See Doc. 17, Def. Motion). Because we have reviewed and relied upon the exhibits filed by the parties, we will utilize the summary judgment standard in ruling on the motion.

Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Discussion**

Defendants argue that the plaintiff's claims should be dismissed because he has failed to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act of 1995 (hereinafter "PLRA"). After a

careful review, we agree.

The law requires prisoners to exhaust available administrative remedies prior to seeking relief under any federal law including 42 U.S.C. § 1983.[2] 42 U.S.C. § 1997e(a). We have no discretion with regard to exhaustion; it is mandatory. Woodford v. Ngo, 548 U.S. 81, 85 (2006). The law requires "proper" exhaustion, that is, the prisoner must comply with appropriate deadlines and other critical procedural rules. Id. at 90. Thus, a plaintiff has not properly exhausted his administrative remedies if he sought administrative review in an untimely manner. Id.; Spruill v. Gillis 372 F.3d 218, 228-29 (3d Cir. 2004).

The Pennsylvania Department of Corrections provides an administrative remedy through its Consolidated Inmate Grievance Review System. The court examines this prisoner grievance procedure, not federal law, to ascertain whether a prisoner has properly exhausted administrative remedies. Spruill, 372 F.3d at 231.

With certain exceptions not applicable here, DC-ADM 804, Section VI ("Procedures") provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Grievance Coordinator; an appeal from the Coordinator's decision may be made in

---

[2]Specifically, the law provides:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

4

writing to the Facility Manager or Community Corrections Regional Director; and a final written appeal may be presented to the Central Office Review Committee. (Doc. 19-2, Def. Ex. 1, Attach. A, DOC Policy Number DC-ADM 804). In order to be timely, a grievance must be filed within fifteen (15) days of the occurrence giving rise to the grievance. (Id. at ¶ VI.A.8. ("The inmate must submit a grievance for initial review to the Facility Grievance Coordinator within 15 working days after the event upon which the claim is based.").

In the instant case, plaintiff filed a grievance on March 16, 2009. (Doc. 19-2, Def. Ex. 1, Attach. B, Grievance Form). The grievance complained of exposure to acm on October 28th and 29th, 2008. (Id.) On March 17, 2009, Connie Green, the Facility Grievance Coordinator, rejected the grievance as untimely. (Doc. 19-2, Ex. 1, Attach. C., Grievance Rejection Form).[3] The rejection noted: "You claim your exposure to asbestos was in 2008, making your grievance untimely. If you can show how your issue is timely, you may resubmit your grievance using the assigned number in according with DC ADM 804, Section VI.B.6. The grievance must be resubmitted within five working day." (Id.) The plaintiff failed to re-submit the grievance. (Doc. 19-2, Decl. of Connie Green at ¶ 11). Accordingly, plaintiff did not exhaust his administrative remedies, and the court cannot hear his claim.[4]

---

[3] The grievance did not raise the issue of failure to train. Accordingly, that issue evidently did not proceed through the administrative process at all. (See Doc. 19-2, Def. Ex. 1, Attach. B, Grievance Form; Doc. 19-2, Decl. of Connie Green at ¶ 12).

[4] Plaintiff's complaint also alleges continuing exposure to acm and a failure to train. These issues were not raised in the grievance.

5

For the foregoing reasons, the defendants' motion for summary judgment will be granted. An appropriate order follows.

---

Additionally, plaintiff's reply to defendants' motion asserts retaliation by the prison for filing the instant lawsuit. At this time, it appears that the administrative remedies for these issues have not been exhausted. Hence, we will not address the merit of these claims or whether the time limit for filing grievances on these issues has expired.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARY HUGHES,** **Plaintiff** v. **COMMISSIONER JEFFREY A. BEARD, SUPERINTENDENT RAYMOND M. LAWLER, MAINT. SUPERVISOR ROBERT BILGAR, and FOREMAN JIM. HEINSTEIN, individually and in the official capacities,** **Defendants** | No. 3:09cv581 (Judge Munley) |

## ORDER

**AND NOW**, to wit, this 29th day of March 2010, the defendants' motion to dismiss or in the alternative for summary judgment (Doc. 17) is hereby **GRANTED**. The Clerk of Court is directed to close this case.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**